UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


MARCOS ANTONIO LABORDE
CASALLAS,

      Petitioner,

v.                                      Case No.  2:26-cv-221-JES-NPM

MIAMI    FIELD    OFFICE
DIRECTOR, IMMIGRATION AND
CUSTOMS  ENFORCEMENT   AND
REMOVAL OPERATIONS, ACTING
DIRECTOR     OF      U.S.
IMMIGRATION   AND   CUSTOMS
ENFORCEMENT,          U.S.
IMMIGRATION   AND   CUSTOMS
ENFORCEMENT,          U.S.
SECRETARY   OF    HOMELAND
SECURITY,   DEPARTMENT   OF
HOMELAND          SECURITY,
ATTORNEY  GENERAL  OF  THE
UNITED STATES, and WARDEN,
GLADES   COUNTY   DETENTION
CENTER,

      Respondents.
_____/

**ORDER**

    This  matter  came  before  the  Court  on  Motion  for  Immediate
Conditional Release (Doc. #12) and a Motion to Enforce the Court
Order and Request for Additional Relief (Doc. #13).  Respondent

filed an Omnibus Response (Doc. 15) noting that Petitioner is represented by counsel and filed the motions *pro se* and otherwise arguing that this Court has no jurisdiction to overturn the Immigration Judge's decision.

As a preliminary matter, only the Motion to Enforce Court Order and Request for Additional Relief (Doc. 13) is signed by Marcos Antonio Laborde Casallas and every pleading or motion "must be signed by at least one attorney of record" or by the party "if the party is unrepresented. Fed. R. Civ. P. 11(a). In fact, [t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Id. Further, Petitioner is represented by counsel and "[i]f a lawyer represents a person in an action, the person can appear through the lawyer only." M.D. Fla. R. 2.02(b)(3). Despite these fatal issues requiring the Court to strike the motions, the Court will consider the merits.

The Court issued an Opinion and Order (Doc. 10) granting the Petition for Writ of Habeas Corpus (Doc. 1) and directing respondents to either provide petitioner with statutory process, which includes a bond hearing, or to release him under reasonable conditions of supervision. Respondents complied with the order,

2

conducting a bond hearing before the Immigration Court on February 18, 2026, with counsel present.  (Doc. 15, p. 2).  Petitioner was denied bond after the hearing and Petitioner reserved the right to appeal the decision.

The district court lacks subject matter jurisdiction to review the correctness of the immigration judge's decision to deny bond.  "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  8 U.S.C. § 1226(e). Petitioner's remedy for any alleged error by the immigration judge in the bond denial is to appeal that decision pursuant to the normal appellate procedures, for which there is a government form (Form EOIR-26) available to Petitioner.  The motions are denied.

Accordingly, it is now

**ORDERED**:

Petitioner's Motion for Immediate Conditional Release (Doc. #12) and a Motion to Enforce the Court Order and Request for Additional Relief (Doc. #13) are **stricken** for failure to comply

3

with Fed. R. Civ. P. 11(a) and M.D. Fla. R. 2.02(b)(3) and alternatively **denied** on the merits.

 **DONE AND ORDERED** in Fort Myers, Florida on March 25, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4